1 | Steven A. Silverstein, Bar No. 64610
2 | Mark W. Huston, Bar No. 119872
Robert I. Cohen, Bar No. 168686
3 | Law Offices of SILVERSTEIN & HUSTON
701 South Parker Street, Suite 5500
Orange, CA 92868
4 | Tel. (714) 547-2511
Fax (714) 547-0230
5 | silverstein@silversteinhuston.com

7 | Attorneys for Defendants, HUGHES & HUGHES LLP; LISA BERGMAN
HUGHES; BRUCE ALAN HUGHES; DAVID EWING WALD; SAMANTHA
8 | HUGHES; JONATHAN MARK KAIHO; TERESA MCNAMARA MATTOS;
ROBIN ELIZABETH LEMASTER-FARRIMOND; SVAPNA ALAN TRIVEDI

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | | |
|---|---|---|
| SATYA V. REDDI, | ) | Case No.  8:15-cv-1054 |
| Plaintiff, | ) | |
| v. | ) | **DEFENDANTS' MEMORANDUM** |
| HUGHES & HUGHES LLP; LISA | ) | **OF POINTS AND AUTHORITIES** |
| BERGMAN HUGHES; BRUCE | ) | **IN SUPPORT OF MOTION TO** |
| ALAN HUGHES; DAVID EWING | ) | **DISMISS [FRCP 8(a), 12(b)(6)]** |
| WALD; JASON JAMES COLEMAN; | ) | |
| NAVID MOSHTAEL; RICHARD | ) | |
| PAUL SULLIVAN; ANN | ) | |
| MICHELLE COLEMAN; LORI | ) | DATE:       October 5, 2015 |
| HUNT KENNEDY; TAMIRA LOPEZ | ) | TIME:       1:30 p.m. |
| COOPER; ARELIS HUGHES; | ) | CTRM:      10C |
| SAMANTHA HUGHES; | ) | |
| JONATHAN MARK KAIHO; | ) | |
| TERESA MCNAMARA MATTOS; | ) | |
| ROBIN ELIZABETH LEMASTER- | ) | |
| FARRIMOND; CANDY | ) | |
| MADANIPOUR; SVAPNA ALAN | ) | |
| TRIVEDI; and DOES 1 Through 20, | ) | Honorable James V. Selna |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1

# TABLE OF CONTENTS

**<u>PAGE</u>**

TABLE OF AUTHORITIES ............................................................ iii

I.      INTRODUCTION ................................................................. 2

II.     GRAVAMEN OF PLAINTIFF'S COMPLAINT HEREIN ...................... 3

III.    THE COMPLAINT MUST BE DISMISSED FOR VIOLATING FEDERAL RULES OF CIVIL PROCEDURE ("FRCP") 8 ...................... 4

IV.     ALL OF PLAINTIFF'S CLAIMS/COUNTS ARE BARRED AS A MATTER OF LAW AND THUS MUST BE DISMISSED ...................... 6

        A.    Legal Authority for Motions to Dismiss Pursuant to Rule 12(b)(6) ... 7

        B.    Judicial Immunity Bars Counts 1 through 4 ...................... 8

        C.    California's Litigation Privilege Bars Counts 5 through 8 .............. 10

        D.    The Doctrines of Res Judicata and Collateral Estoppel Bar Plaintiff's Entire Action ................................................ 14

              1.    Res Judicata Bars Plaintiff's Entire Action ............................ 15

              2.    Collateral Estoppel Bars Plaintiff's Entire Action ................ 17

        E.    Plaintiff's Claims are Barred by the Statute of Limitations ............. 18

              1.    Federal Claims for § 1983 Violations (Counts 1 through 4) .. 19

              2.    Various State Claims (Counts 5 through 8) ............................ 22

V.      FRCP RULE 60(B)(2) IS INAPPLICABLE IN THIS CASE .................... 23

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

i

VI.   THE COURT SHOULD EXERCISE ITS DISCRETION TO DECLINE
      SUPPLEMENTAL JURISDICTION ..........................................……........25

VII.  CONCLUSION.................................................................……........26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

ii

# TABLE OF AUTHORITIES

## CASES

PAGE

**Federal Cases**

*Adams v. Trimble* (E.D. Cal. 2012)
    2012 WL 260160, * 4, 5, 7, 11 ................................................ 14, 15, 17, 18

*Allah v. Sup. Ct.* (9th Cir. 1989)
    871 F.2d 887, 890-91 ........................................................................ 23

*ASARCO, LLC v. Union Pac. R.R. Co.* (9th Cir. 2014)
    765 F.3d 999, 1004 ............................................................................ 7

*Ashcroft v. Iqbal* (2009)
    556 U.S. 662, 678, 682 .............................................................. 4, 5, 6

*Board of Regents of University of State of N.Y. v. Tomanio* (1980)
    446 U.S. 478, 483 ............................................................................ 19

*Briscoe v. LaHue* (1983)
    460 U.S. 325, 334 .............................................................................. 9

*Cafasso U.S. ex rel. v. General Dynamics C4 Systems, Inc.* (9th Cir. 2011)
    637 F.3d 1047, 1058 .......................................................................... 5

*City of Chicago v. International College of Surgeons* (1997)
    522 U.S. 156, 172 ............................................................................ 26

*Colony Cove Properties, LLC v. City of Carson* (9th Cir. 2011)
    640 F.3d 948, 956 ............................................................................ 19

*Conley v. Gibson* (1957)
    355 U.S. 41, 45-46 ............................................................................ 7

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

*Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc.* (9th Cir. 1990)
    911 F.2d 242, 247 ............................................................................7

*Corex Corp. v. U.S.* (9th Cir. 1981)
    638 F.2d 119, 121-122, overruled on other grounds, *Gregorian v. Izvestia* (9th Cir. 1989) 871 F.2d 1515 ............................................................25

*Executive Software North America, Inc. v. United States Dist. Ct.* (9th Cir. 1994)
    24 F.3d 1545, 1552-1555, overruled on other grounds, *California Dept. of Water Resources v. Powerex Corp.* (9th. Cir. 2008)
    533 F.3d 1087, 1096 ......................................................................26

*Fenters v. Chevron* (E.D. Cal. 2006)
    2006 WL 2016536, * 16 ..................................................................22

*Feature Realty, Inc. v. City of Spokane* (9th Cir. 2003)
    331 F.3d 1082 ...............................................................................16

*Foman v. Davis* (1962)
    371 U.S. 178, 182 ...........................................................................8

*Gray v. Evercore Restructuring L.L.C.* (1st Cir. 2008)
    544 F.3d 320, 324 ...........................................................................7

*In re Bugna* (9th Cir. 1994)
    33 F.3d 1054, 1057 .......................................................................14

*Kittay v. Kornstein* (2nd Cir. 2000)
    230 F.3d 531, 542 ...........................................................................5

*Kougasian v. TMSL, Inc.* (9th Cir. 2004)
    359 F.3d 1136, 1139 .....................................................................24

*Leveto v. Lapina* (3rd Cir. 2001)
    258 F.3d 156, 161 ...........................................................................8

*McKenna v. Wright* (2nd Cir. 2004)
    386 F.3d 432, 436 ...........................................................................8

iv

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

*Morales v. City of Los Angeles* (9th Cir. 2000)
    214 F.3d 1151, 1154 .................................................................20

*Pennzoil Co. v. Texaco, Inc.* (1987)
    481 U.S. 1, 12-14 ...................................................................23

*Polk County v. Dodson* (1981)
    454 U.S. 312, 325 ...................................................................10

*United States ex rel. Garst v. Lockheed-Martin Corp.* (7th Cir. 2003)
    328 F.3d 374, 378 .....................................................................5

*U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.* (9th Cir. 1992)
    971 F.2d 244, 253 ...................................................................23

*Von Saher v. Norton Simon Museum of Art at Pasadena* (9th Cir. 2010)
    592 F.3d 954, 969 ...................................................................19

*Walker v. Armco Steel Corp.* (1980)
    446 U.S. 740, 745-46 .............................................................22

*Weisbuch v. County of Los Angeles* (9th Cir. 1997)
    119 F.3d 778, 783, fn. 1 ...........................................................7

*Worldwide Church of God v. McNair* (9th Cir. 1986)
    805 F.2d 888, 890-91 .............................................................23

*Younger v. Harris* (1971)
    401 U.S. 37, 43–45 .................................................................15


**State Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994)
    7 Cal.4th 503, 510-511............................................................14

*Carden v. Getzoff* (1987)
    190 Cal.App.3d 907, 913-915, 235 Cal.Rptr. 698 ...............11, 12

v

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

*Doctors' Co. Ins. Services v. Superior Court* (1990)
    225 Cal.App.3d 1284, 1300, 275 Cal.Rptr. 674 .......................................... 11

*Flatley v. Mauro* (2006)
    39 Cal.4th 299, 321-22 ................................................................................. 11

*Hagberg v. California Federal Bank* (2004)
    32 Cal.4th 350, 360, 7 Cal.Rptr.3d 803, 81 P.3d 244 ................................. 11

*Home Ins. Co. v. Zurich Ins. Co.* (2002)
    96 Cal.App.4th 17, 20, 22–26, 116 Cal.Rptr.2d 583 .................................. 11

*Lucido v. Sup. Ct.* (1990)
    51 Cal.3d. 335, 342 ..................................................................................... 18

*Jackson v. GlaxoSmithKline, Inc.* (2008)
    166 Cal.App.4th 1497, 1507-1508 ............................................................. 18

*Mycogen Corp. v. Monsanto Co.* (2002)
    28 Cal.4th 888, 896 ............................................................................... 15, 17

*Navellier v. Sletten* (2003)
    106 Cal.App.4th 763, 770, 131 Cal.Rptr.2d 201 ........................................ 12

*O'Neil v. Cunningham* (1981)
    118 Cal.App.3d 466, 472–477, 173 Cal.Rptr. 422 ..................................... 11

*Pettitt v. Levy* (1972)
    28 Cal.App.3d 484, 489, 491, 104 Cal.Rptr. 650 ....................................... 12

*Pollock v. University of Southern California* (2003)
    112 Cal.App.4th 1416, 1431, 6 Cal.Rptr.3d 122 ........................................ 12

*Richmond v. Dart Industries* (1987)
    196 Cal.App.3d 869, 874 ............................................................................. 10

*Roman v. County of Los Angeles* (2000)
    85 Cal.App.4th 316, 323 .............................................................................. 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

vi

*Rusheen v. Cohen* (2006)
    37 Cal.4th 1048, 1057-58, 1065.........................................................12, 17

*Silberg v. Anderson* (1990)
    50 Cal.3d 205, 214, 218, 266 Cal.Rptr. 638, 786 P.2d 365 .........................11

*Steiner v. Eikerling* (1986)
    181 Cal.App.3d 639, 642–643, 226 Cal.Rptr. 694 ...............................11, 12

## STATUTES

                                                        **PAGE**

**Federal Statutes**

42 U.S.C. § 1983 ...........................................................................................8

FRCP 8(a)........................................................................................................4
FRCP 8(b) .......................................................................................................4
FRCP 12(b)(6)..................................................................................................7
FRCP 41(b) ......................................................................................................5
FRCP 60(b)(2)................................................................................................23

**State Statutes**

Cal. Civ. Code § 47(b) .................................................................................10

Cal. Code of Civ. Proc. § 335.1 ...............................................................19, 22

Cal. Welf. & Inst. Code § 15657.7.................................................................22

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

# I. INTRODUCTION

Vexatious.[1]  Sanctionable. Frivolous. Ignoring reality.  Ignorance of the law.  These are all words and/or phrases to describe Plaintiff Satya V. Reddi's ("Plaintiff" or "Reddi") litigation conduct as evidenced by the filing of this 85-page fictional prose disguised as a complaint.  While perhaps harsh, these words are illustrative of the sentiments shared and comments made by several members of the Orange County bench who have heard one iteration or another of the exact allegations raised herein.[2]  Whether it is the countless actions he has filed in state court or this first federal action, one thing is for certain:  Mr. Reddi's action is a complete waste of judicial resources.

Nevertheless, the complaint must be addressed.  While it would take a legal brief the size of the complaint itself to outline and address each of Plaintiff's legal and factual shortcomings in his complaint; to grant the present motion, this Court need only deal with a small number of defenses raised on the face of the complaint that are not curable and thus warranting the grant of this motion without leave to amend.

Cutting to the chase, Plaintiff previously sued these Defendants in state court alleging the exact same things he has alleged in this complaint.  He lost in the trial court following Defendants anti-SLAPP motion.  He lost in the Court of Appeal, which affirmed the grant of the anti-SLAPP motion.  Not surprisingly he petitioned the Supreme Court, which declined to hear his case.  Oddly, Plaintiff

---

[1]  On August 23, 2013, Plaintiff was declared to be a vexatious litigant in state court as to the same issues raised in this complaint. (Request for Judicial Notice, Ex. F.)

[2]  As the California Court of Appeal stated in its 2013 opinion, at that time, "This is [Reddi]'s fifth appeal relating to the dissolution of his and Lakshmi's marriage." (Complaint, Ex. 50, p. 573 [Opinion, p. 3].)

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1   actually admits each of these facts in his complaint herein, thus further supporting

2   Defendants' instant motion.  (Complaint, p. 17, ¶¶ 43-44.)

3          The only real difference between his state court action and this action is

4   that Reddi has now found an attorney who is willing to put his name on these

5   allegations.  Unfortunately for Reddi, the fact that an attorney agreed to represent

6   him in this case does not change the frivolity of his action.[3]

7   **II.     GRAVAMEN OF PLAINTIFF'S COMPLAINT HEREIN**

8          Plaintiff asserts eight causes of action against Defendants pursuant to the

9   United States Civil Rights Act (42 U.S.C. § 1983) and Personal Rights Act (Cal.

10  Civ. Code § 52.1(b).  In typical Reddi fashion, the first of those causes of action

11  does not appear until page 71 of the complaint!   All eight causes of action

12  incorporate by reference the preceding paragraphs of the complaint.  The factual

13  allegations allegedly supporting the causes of action are set forth in paragraphs 1

14  through 183!  Pointing out the allegations contained in those 183 paragraphs

15  would alone exceed the length limitations for this motion and would be a colossal

16  futile exercise as "it is difficult to follow, to say the least" quoting another court

17  that has previously dealt with Mr. Reddi's arguments.  (Complaint, Ex. 50, page

18  580 [p. 10 of opinion].)

19         The gist of Plaintiff's complaint, as described by Plaintiff (Complaint, pp.

20  2-4, ¶¶ 1-6), stems from actions taken by Defendants in the course of their

21  representation of Plaintiff's ex-wife, Lakshmi, either in her individual capacity or

22  through a Court appointed guardian ad litem, Sridhar Reddi, her son, in a

23  dissolution of marriage action.  Specifically, Plaintiff claims that Defendants took

24  advantage of judicial officers, defrauded the court and prevented the court from

25

26  _____

    [3]     In addition to the instant motion to dismiss, Defendants herein, Hughes & Hughes LLP,
27  Lisa Bergman Hughes, Bruce Alan Hughes, David Ewing Wald, Samantha Hughes, Jonathan
    Mark Kaiho, Teresa McNamara Mattos, Robin Elizabeth LeMaster-Farrimond, and Svapna Alan
28  Trivedi, also anticipate serving a motion for sanctions pursuant to FRCP 11.

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

performing its official duties.  As a result of such actions, Plaintiff claims that Defendants' generated attorneys' fees, which were later awarded against Plaintiff.

As an example of some of the facts plead, section VIII of his complaint, which comprises paragraphs 53 through 95, discusses in great detail the marital dissolution action between he and his ex-wife, Lakshmi, in which the Defendants herein represented Lakshmi.   The following section IX, entitled "Factual Allegations", continues with recounting all of the actions taken by Defendants in the marital dissolution action, as well as "the subsequent court actions after the divorce trial" in which Defendants allegedly "continued to defraud the court and mislead the trial judges . . . ." (Complaint, p. 41, ¶ 101.)

Defendants submit that the allegations set forth in those two sections of Plaintiff's complaint are the same allegations raised in the state court action, while not verbatim word-for-word.  (*E.g.*, Request for Judicial Notice ("RFJN"), pp. 20-40, Ex. A, ¶¶ 64, 70, 74-82, 100-103, 114-132, 133-140.)  Even the state appellate court's summary of Reddi's state court complaint shows the uncanny similarity between the claims raised herein and the claims raised in the state court action. (Complaint, Ex. 50, page 575-578 [pp. 5-8 of opinion].)

## III.   THE COMPLAINT MUST BE DISMISSED FOR VIOLATING FEDERAL RULES OF CIVIL PROCEDURE ("FRCP") 8

The FRCP requires that all allegations in a complaint be "short and plain." (FRCP 8(a), (b).)   To satisfy this requirement, a "complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." (*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678.) Although this standard requires that a claim be "plausible on its face," it does not require that a complaint contain "detailed factual allegations." (*Id.*)   "A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1   draw the reasonable inference that the defendant is liable for the misconduct
2   alleged." (*Id.*)

3        Federal courts have the power to dismiss a complaint for egregious
4   violations of Rule 8(a)'s "short and plain" requirement.  In fact, such violations
5   may even justify dismissal *with* prejudice.  (*Cafasso U.S. ex rel. v. General*
6   *Dynamics C4 Systems, Inc.* (9th Cir. 2011) 637 F.3d 1047, 1058; *Kittay v.*
7   *Kornstein* (2nd Cir. 2000) 230 F.3d 531, 542; see also, FRCP 41(b).)  For
8   example, one federal court properly dismissed a 155-page complaint that was
9   "sprawling" as to be "incomprehensible" with prejudice finding, "[r]ule 8(a)
10  requires parties to make their pleadings straightforward, so that judges and
11  adverse parties need not try to fish a gold coin from a bucket of mud."  (*United*
12  *States ex rel. Garst v. Lockheed-Martin Corp.* (7th Cir. 2003) 328 F.3d 374, 378.)

13       Other than the size, there is no difference between the 155-page complaint
14  cited above and Plaintiff's 85-page complaint herein.  However, if you take into
15  account Plaintiff's nearly 700 pages of exhibits attached to the complaint,
16  Plaintiff's complaint is well more than 155 pages.  Nevertheless, the substance of
17  the complaint is the issue and that which violates Rule 8.  Specifically, there is no
18  logical basis for Plaintiff's allegations.  There is no way to comprehend which of
19  the allegations actually support Plaintiff's claims.  Furthermore, Plaintiff's
20  complaint reads more like a brief than a complaint.  There are over 35 different
21  cases cited throughout the complaint, each cited a number of times for the same
22  or different propositions.  Case citations are not "factual matter."  Also, Plaintiff
23  has argued in his complaint all of the reasons why Defendants' anticipated
24  defenses are not viable.  Legal arguments have no place in a complaint.
25  Defendants are trying to figure out what exactly Plaintiff is claiming this time
26  around that he did not previously claim in the state court action, but due to the
27  incomprehensible nature of the complaint, that is nearly impossible.
28

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

5

Additionally, allegations of wrongdoing will be deemed "implausible" if there are "obvious alternative explanation(s)" for the facts alleged indicating lawful conduct, not the unlawful conduct urged by plaintiff. (*Ashcroft v. Iqbal, supra*, at 682.)   As discussed below, everything that Plaintiff alleges that Defendants did that was wrong or unlawful is protected by common law judicial immunity or California's litigation privilege.   Accordingly, Plaintiff's entire complaint is implausible and for that reason also violates FRCP 8.   Of importance, these violations are not curable by Plaintiff as the very claims asserted are completely barred as a matter of law.   There is nothing that Plaintiff can plead in an amended complaint that will change that fact.   Therefore, Plaintiff's complaint must be dismissed ***with prejudice***.

Relatedly, Plaintiff's allegations are not facially plausible, rendering them vague and ambiguous at best.   For instance, Plaintiff has not alleged what each of the sixteen individually named Defendants did that was wrongful.   Absent such, there is not sufficient information to enable "the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." (*Ashcroft v. Iqbal, supra*, at 678.)   Also, on the copy of the complaint served on Defendant Hughes & Hughes, beginning at page 43, there are symbols in the form of small boxes in place of the text making it difficult to read portions of the complaint.

## IV.   ALL OF PLAINTIFF'S CLAIMS/COUNTS ARE BARRED AS A MATTER OF LAW AND THUS MUST BE DISMISSED

There are several grounds for why Plaintiff's entire action and/or each of the "counts" asserted therein are barred.   First, Plaintiff's Section 1983 claims (1st through 4th causes of action) are barred based on judicial immunity.   Similarly, Plaintiff's state law claims (5th through 8th causes of action) are barred under California's Litigation Privilege.   Next, the doctrines of res judicata and collateral estoppel prevent Plaintiff from raising these claims in this forum as the same

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1    claims were previously decided in the state court and that decision is final.

2    Finally, each of Plaintiff's claims is barred by the applicable statute of limitations.

3    **A.    Legal Authority for Motions to Dismiss Pursuant to Rule**

4    **12(b)(6)**

5    A motion to dismiss should be granted if the non-moving party "can prove

6    no set of facts in support of his claim which would entitle him to relief." (*Conley*

7    *v. Gibson* (1957) 355 U.S. 41, 45-46; see, FRCP 12(b)(6).) This includes granting

8    a motion to dismiss for failure to state a claim when plaintiff has included

9    allegations in the complaint that, on their face, disclose some absolute defense or

10   bar to recovery: "If the pleadings establish facts compelling a decision one way,

11   that is as good as if depositions and other expensively obtained evidence on

12   summary judgment establishes the identical facts." (*Weisbuch v. County of Los*

13   *Angeles* (9th Cir. 1997) 119 F.3d 778, 783, fn. 1.)

14   To grant a Rule 12(b)(6) motion on the basis of an affirmative defense, the

15   facts establishing that defense must (i) "be definitively ascertainable from the

16   complaint and other allowable sources of information," and (ii) "suffice to

17   establish the affirmative defense with certitude." (*Gray v. Evercore Restructuring*

18   *L.L.C.* (1st Cir. 2008) 544 F.3d 320, 324; *ASARCO, LLC v. Union Pac. R.R. Co.*

19   (9th Cir. 2014) 765 F.3d 999, 1004  [defendant must show "some obvious bar to

20   securing relief" on face of complaint].)

21   When the pleading is dismissed for failure to state a claim, leave to amend

22   should not be granted if the court determines that the allegation of other facts

23   consistent with the challenged pleading could not possibly cure the deficiency.

24   (*Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc.* (9th

25   Cir. 1990) 911 F.2d 242, 247 [affirming dismissal without leave to amend where

26   no amendment would have been able to cure the defective pleading].)  Leave to

27   amend is properly denied where the amendment would be futile, or where the

28

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1   plaintiff has acted with "undue delay, bad faith or dilatory motive." (*Foman v.*
2   *Davis* (1962) 371 U.S. 178, 182.)

3       **B.     Judicial Immunity Bars Counts 1 through 4**

4       Where a lawsuit is brought against defendants who have statutory or
5   common law immunities, a motion to dismiss pursuant to Rule 12(b)(6) is a
6   proper attack on such a pleading. (*Leveto v. Lapina* (3rd Cir. 2001) 258 F.3d 156,
7   161; *McKenna v. Wright* (2nd Cir. 2004) 386 F.3d 432, 436.)

8       Plaintiff has sued a law partnership and sixteen individual attorneys who
9   worked or continue to work for that law partnership and/or its predecessor in
10  interest.  Plaintiff alleges that the Defendants "represented his ex-wife Lakshmi
11  Reddi . . . directly and indirectly in Family court of Superior Court of Orange
12  County . . . from 1999 to present." (Complaint, p. 2, ¶ 1.) Plaintiff further alleges
13  that each of these lawyers and law firm entered into a conspiracy with one
14  another "to violate Plaintiff's constitutional rights . . . ." (Complaint, p. 16, ¶ 37.)
15  Plaintiff also alleges that the individual Defendants were all acting "under color
16  of law." (Complaint, pp. 10-15, ¶¶ 20-34.)[4]  Section 1983 of Title 42 of the
17  United States Code, upon which Plaintiff's first four claims are brought, subjects
18  any person who deprives someone of a constitutional right under color of state
19  law to civil liability for that deprivation. (42 U.S.C. § 1983.)

20      Realizing the problem with his lawsuit, Plaintiff attempted to argue in his
21  complaint that Defendants' alleged conduct is not privileged or immunized.
22  Unfortunately for Plaintiff, he is simply wrong thus providing a complete defense
23  to these claims.

24

25

26  [4]     It should be noted that of the 16 individual defendants that plaintiff sued, he did not
    allege that Lisa Bergman Hughes was acting under color of law.  This is likely a mere oversight
27  in this monolithic pleading since within the four section 1983 causes of action, which Plaintiff
    asserts "Against all Defendants", he alleges that Defendants were acting under color of law
28  without excepting any of the Defendants.

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1    Plaintiff relies on *Kimes v. Stone* (9th Cir. 1996) 84 F.3d 1121 ("*Kimes*") to
2   support his position that California's litigation privilege (Civ. Code § 47(b)) does
3   not apply to federal civil rights action under section 1983, which he claims was
4   the basis for the state court granting Defendants' anti-SLAPP motion dismissing
5   his state court complaint alleging the same claims herein.  There are a number of
6   problems with this argument.
7    First, while he is correct that California's litigation privilege does not apply
8   to section 1983 federal civil rights actions, a similar concept of judicial immunity
9   does apply.   Under the common law, attorneys are entitled to the absolute
10  immunity that applies to certain members of the government, such as judges.
11  (*Briscoe v. LaHue* (1983) 460 U.S. 325, 334.)  The basis for this extension of
12  judicial immunity to private attorneys in section 1983 cases was their
13  involvement in the "judicial proceeding itself."  (*Id.*)  Thus, it is well established
14  that the common law immunity applies in section 1983, which in turn has the
15  same effect as the litigation privilege.
16   Next, *Kimes* is distinguishable on the facts alone.  In *Kimes*, the plaintiff
17  sued a judge **and** various attorneys alleging **they conspired together** to deprive
18  the plaintiff of his constitutional rights.  (*Kimes, supra,* at 1125.)  Here, Plaintiff
19  does not allege that the attorneys conspired with judges; he alleges that the
20  attorney defendants conspired amongst themselves to defraud judges and the
21  court.  If Defendants had to defraud the court then they certainly could not be in
22  conspiracy with the court, otherwise there would be no need to defraud.  This was
23  the significant distinction that led to the holding in *Kimes* that the attorney
24  defendants were not immunized for their conduct.  Specifically, the court held,
25  "the common law did not provide immunity to private attorneys conspiring with a
26  judge to deprive someone of their constitutional rights . . . ."  (*Id.* at 1128.)  In
27  support of this holding, *Kimes* prefaced its reasoning by stating, "the Attorney
28

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

9

Defendants are only immunized from Kimes' claim if their alleged conduct was immunized under the common law." (*Id.*) *Kimes* does not stand for the proposition that Plaintiff argues. It actually supports Defendants' assertion that Plaintiff's section 1983 claims are barred because of absolute judicial immunity.

Plaintiff has yet another problem that he cannot overcome. In opposition to Defendants anti-SLAPP motion in the state trial court, Plaintiff never argued that California's litigation privilege does not apply to section 1983 civil rights actions. (RFJN, Exs. B & C.) Generally, theories not raised in the trial court cannot be raised for the first time on appeal. (*Richmond v. Dart Industries* (1987) 196 Cal.App.3d 869, 874.) Despite this failure, Plaintiff did raise the issue on appeal, which the court of appeal considered and ruled against Plaintiff. (Complaint, Ex. 50, p. 588 [p. 18 of the opinion].) Once the California Supreme Court denied his petition, this issue is finally adjudicated and cannot be revived herein.

Nevertheless, there is yet another reason why Plaintiff cannot assert these claims against these Defendants. As the Court of Appeal found, "Plaintiff's claims are premised entirely upon Defendants' acts as counsel for his ex-wife, Lakshmi, and performing traditional functions as Lakshmi's attorneys. Thus, [Defendants were] not acting under color of law. (See *Polk County v. Dodson* (1981) 454 U.S. 312, 325 [public defender or appointed counsel does not act under color of state law 'when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'].)" (*Id.*)

For all of these reasons, Plaintiff's first through fourth causes of action must be dismissed with prejudice based on judicial immunity.

## C.     California's Litigation Privilege Bars Counts 5 through 8

California's litigation privilege is codified in Civil Code section 47 and states in pertinent part: "A privileged publication or broadcast is one made ... [i]n any ... judicial proceeding ...." (Civ. Code § 47(b).)

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1        " 'The principal purpose of [Civil Code] section [47, subdivision (b) ] is to

2 afford litigants and witnesses the utmost freedom of access to the courts without

3 fear of being harassed subsequently by derivative tort actions.' Additionally, the

4 privilege promotes effective judicial proceedings by encouraging ' "open

5 channels of communication and the presentation of evidence" ' without the

6 external threat of liability, and 'by encouraging attorneys to zealously protect

7 their clients' interests.' 'Finally, in immunizing participants from liability for

8 torts arising from communications made during judicial proceedings, the law

9 places upon litigants the burden of exposing during trial the bias of witnesses and

10 the falsity of evidence, thereby enhancing the finality of judgments and avoiding

11 an unending roundelay of litigation, an evil far worse than an occasional unfair

12 result.' " (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 321-22 [internal citations

13 omitted].)

14        "To accomplish these objectives, the privilege is 'an "absolute" privilege,

15 and it bars all tort causes of action except a claim of malicious prosecution.'

16 (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360, 7 Cal.Rptr.3d

17 803, 81 P.3d 244.) The litigation privilege has been applied in 'numerous cases'

18 involving 'fraudulent communication or perjured testimony.' (*Silberg v.*

19 *Anderson, supra,* 50 Cal.3d at p. 218, 266 Cal.Rptr. 638, 786 P.2d 365; see, e.g.,

20 *Home Ins. Co. v. Zurich Ins. Co.* (2002) 96 Cal.App.4th 17, 20, 22–26, 116

21 Cal.Rptr.2d 583 [attorney's misrepresentation of available insurance policy limits

22 to induce the settlement of a lawsuit]; *Doctors' Co. Ins. Services v. Superior*

23 *Court* (1990) 225 Cal.App.3d 1284, 1300, 275 Cal.Rptr. 674 [subornation of

24 perjury]; *Carden v. Getzoff* (1987) 190 Cal.App.3d 907, 915, 235 Cal.Rptr. 698

25 [perjury]; *Steiner v. Eikerling* (1986) 181 Cal.App.3d 639, 642–643, 226

26 Cal.Rptr. 694 [preparation of a forged will and presentation of it for probate];

27 *O'Neil v. Cunningham* (1981) 118 Cal.App.3d 466, 472–477, 173 Cal.Rptr. 422

28

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

[attorney's letter sent in the course of judicial proceedings allegedly defaming his client].)" (*Id.* at 322.)

"The '[p]leadings and process in a case are generally viewed as privileged communications.' (*Navellier v. Sletten* (2003) 106 Cal.App.4th 763, 770, 131 Cal.Rptr.2d 201.)   The privilege has been applied specifically in the context of abuse of process claims alleging the filing of false or perjurious testimony or declarations.   (*Pollock v. University of Southern California* (2003) 112 Cal.App.4th 1416, 1431, 6 Cal.Rptr.3d 122 [declaration 'functions as written testimony,' is a 'communication, not conduct,' and 'is exactly the sort of communication the privilege is designed to protect']; *Pettit v. Levy* (1972) 28 Cal.App.3d 484, 489, 104 Cal.Rptr. 650 ['[p]reparing and presenting false documents is equivalent to the preparation and presentation of false testimony']; *Carden v. Getzoff* (1987) 190 Cal.App.3d 907, 913-915, 235 Cal.Rptr. 698 [claim that expert witness had manufactured false evidence for former wife in dissolution action was privileged].)   Thus, the Court of Appeal here correctly concluded that the communicative act of filing an allegedly false declaration of service of process fell within the litigation privilege.   (See also, *Steiner v. Eikerling* (1986) 181 Cal.App.3d 639, 643, 226 Cal.Rptr. 694 [presentation of a forged will in a judicial proceeding constituted a 'publication' under section 47]; *Pettit v. Levy, supra,* 28 Cal.App.3d at p. 491, 104 Cal.Rptr. 650 [preparation and submission of false or forged building permit to city council and planning commission pursuant to alleged conspiracy was privileged].)" (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057-58.)

Here, there is no question the basis for Plaintiff's state law claims (fifth through eighth causes of action in complaint) relates to Defendants' alleged communications, whether oral or written, that were made as part of the underlying marital dissolution action.

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

Generally, the entire complaint reeks of privileged communications. For example, in paragraph 96, he lists the following alleged fraudulent acts by Defendants: (1) filing a motion (¶ 96(a)); (2) "employing a fake guardian ad litem during the court proceedings" (¶ 96(b)); (3) Defendants drafted a judgment that was later entered and intentionally included errors in the judgment (¶ 96(d)); and (4) presenting to the court that their client was incompetent in order to obtain a guardian ad litem for the divorce action. (¶ 96(e).) The examples go on and on, but there is not enough space in this motion to list them all.

Specifically, as relates to the four state law claims, Plaintiff's allegations reveal the applicability of the litigation privilege. In count 5 for deprivation of happiness and privacy under Civil Code section 52.1, Plaintiff alleges Defendants "continually threatened to force Plaintiff into servitude by petitioning the court for excessive fees if he tried to modify the spousal support order." (Complaint, p. 77, ¶ 217.) In support of count 6 for elder abuse under California Welfare & Institutions Code section 15657.5, Plaintiff alleges "Defendants litigated to take $384,145.70 from the Plaintiff's retirement funds . . . ." (*Id.* at p. 79, ¶ 226.) A few paragraphs later, but still within the elder abuse claim, he describes Defendants "intentional and malicious conduct" as, among other things, "deceptive acts performed in the court to mislead the trial judges, false and misleading statements made with malicious intent . . . ." (*Id.* at p. 80, ¶ 230.) In support of count 7 for intentional infliction of emotional distress, while he does not specifically allege any facts, he incorporates all of the allegations contained in the previous paragraphs (*Id.* at p. 81, ¶ 233) and states that Defendants "committed the acts alleged herein . . . ." (*Id.* at ¶ 235.)

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1    Finally, in the eighth cause of action for civil conspiracy[5], Plaintiff alleges,
2    "each Defendant willfully, knowingly, and actively participated in alleged
3    wrongful acts against the Plaintiff in at least one or more court actions." (*Id.* at p.
4    82, ¶ 239.)   Thus, every wrongful act alleged by Plaintiff to support his fifth
5    through eighth causes of action is absolutely privileged under Civil Code section
6    47, thus necessitating the grant of this motion.

7    **D.    The Doctrines of Res Judicata and Collateral Estoppel Bar**
8    **Plaintiff's Entire Action.**

9    In addition to the common law judicial immunity and California's litigation
10   privilege, Defendants submit that Plaintiffs' entire action is barred under the
11   doctrines of res judicata and collateral estoppel based upon Plaintiff's prior state
12   action filed against these Defendants.   These judicial doctrines establish the rule
13   that once a case has reached a final judgment, many claims or issues related to
14   that case should be treated as finally decided, once and for all.   The policies
15   behind these related doctrines are judicial economy and finality in litigation.
16   Albeit Plaintiff argues why these doctrines should not apply to this case, he is
17   seriously mistaken for the reasons stated herein below.

18   In determining the res judicata or collateral estoppel effect of a state court
19   judgment, federal courts must, as a matter of full faith and credit, apply the state's
20   laws on those doctrines.   (*In re Bugna* (9th Cir. 1994) 33 F.3d 1054, 1057
21   [collateral estoppel]; *Adams v. Trimble* (E.D. Cal. 2012) 2012 WL 260160, * 4
22   [res judicata].)   Thus, res judicata and collateral estoppel not only reduce
23   unnecessary litigation and foster reliance on adjudication, but also promote the

24
25
26   [5]   Civil conspiracy is not a cause of action in California.   It is a legal doctrine that imposes
27   liability on persons who, although not actually committing torts themselves, share with
     immediate tort-feasors a common plan or design in its perpetration.   (*Applied Equipment Corp.*
28   *v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 510-11.)

14

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

comity between state and federal courts that has been recognized as a bulwark of the federal system. (See *Younger v. Harris* (1971) 401 U.S. 37, 43–45.)

### *1. Res Judicata Bars Plaintiff's Entire Action.*

Res judicata, also known as claim preclusion, "prevents relitigation of the same causes of action in a second suit between the same parties . . . ." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.)  Under California law the elements that must be met for res judicata to apply are:  " '(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." (*Adams v. Trimble, supra,* at * 4.)

First, there can be no doubt that the prior state court action and this action are based on the same "cause of action."  "A subsequent proceeding is based on the same cause of action when it grows out of a violation of the plaintiff's primary right, which 'is simply the plaintiff's right to be free from the particular injury suffered.' " (*Id.* at * 5.)   In his state court complaint, Plaintiff, appearing pro per, provided a "statement of the case" wherein he summarized the alleged wrongful conduct of Defendants, such as:  Defendants conspired to interfere with his civil rights under color of law under corrupt motive of generating fee income, deprived him of his civil rights, assisted in financially abusing him, tried to steal his retirement funds under the guise of legal fees, and misled judges, to name just a few. (RFJN, p. 9, Ex. A, ¶ 2.)  These are many of the same claims asserted in this action.  (Complaint ¶¶ 6, ¶ 98, 101, 103, 138-143, 158-162) Against these facts, Plaintiff asserted twelve causes of action in the state court action, which included the 7 causes of action alleged in this case (excluding civil conspiracy).

While Plaintiff admits he filed a prior "civil rights" action in state court, he tries to argue that res judicata and collateral estoppel do not apply because of

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

newly discovered evidence.   However, the case he cites for support has no application.   *Feature Realty, Inc. v. City of Spokane* (9th Cir. 2003) 331 F.3d 1082 did not involve res judicata or collateral estoppel.   It involved judicial estoppel which is a completely different judicial doctrine having nothing to do with relitigation of the same claims/issues.

Nevertheless, even if considered, the newly discovered evidence would not have changed the outcome of the state court action.   Each of the three new pieces of evidence raised by Plaintiff in this action deal with Defendants' exercise of petitioning activity, which as found by the state trial court and affirmed by the court of appeal are protected by the litigation privilege.   Specifically, Plaintiff claims that after the dismissal of his state court complaint, "Defendants took a different position as to whether or not spousal support and appeals are separate and distinct court actions."   As support for this argument he cites to the declaration of Defendant Lisa Hughes wherein he claims she stated "that spousal support actions and appeals are separate actions."   (Complaint, p. 18, ¶ 45(a).) There is no shortage of law that provides the filing of a declaration in the court is protected activity under California's litigation privilege codified at Civil Code section 47(b).   (Section IV(C), *supra*.)

The second alleged new evidence Plaintiff argues for why res judicata and collateral estoppel should not apply is Defendants' application in 2013 for the appointment of a guardian ad litem, which was denied.   Again, this basis involves protected activity (the filing of a motion).   (*Id*.)   The fact the court denied the application, finding Lakshmi to be competent, is of no moment here.   Plaintiff has vigorously challenged the competency, or lack thereof, of his ex-wife Lakshmi throughout the entire divorce action.   Further, just because she might now be considered competent does not mean she was not in fact competent in the past.

16

The third piece of evidence is the garnishment of his Social Security Benefits. It is well established that enforcement of a judgment is protected activity. (*Rusheen v. Cohen, supra,* at 1065.) There is simply no basis for Plaintiff's desperate argument as to why res judicata does not apply.

The second element of res judicata is clearly met. The state court judgment resulted from the granting of Defendants' special motion to strike pursuant to CCP section 425.16, otherwise known as an anti-SLAPP motion. As a matter of law, a state court's grant of an anti-SLAPP motion is considered a final judgment on the merits. (*Adams v. Trimble, supra,* at *7.) In fact, the Court of Appeal examined the merits of Plaintiff's state court complaint when it ruled that Plaintiff had not demonstrated any probability of prevailing on any of its claims. "[T]he record shows Satya did not proffer any evidence to establish a probability of prevailing on the merits—**nor could he because all the alleged acts fell within the litigation privilege of Civil Code section 47, subdivision (b).**" (Complaint, Ex. 50, p. 586 [p. 16 of the opinion].) Accordingly, none of the newly discovered evidence, which is all protected activity, would change the outcome of the state court action. Also, Plaintiff unsuccessfully appealed and was subsequently denied cert by the Supreme Court, which he admits in his complaint.

As for the third element, that the parties in both actions be the same, that too is met. In the state court action, Plaintiff sued 19 individual defendants, as well as the law firm. (RFJN, p. 4, Ex. A.) In this action, Plaintiff has sued 16 of those 19 defendants plus the law firm. (Complaint, p. 1.)

### 2. Collateral Estoppel Bars Plaintiff's Entire Action.

Collateral estoppel, also known as issue preclusion, " 'precludes relitigation of issues argued and decided in prior proceedings.' " (*Mycogen Corp. v. Monsanto Co., supra,* at 896.) The elements that must be met for collateral estoppel to apply are as follows: (1) the issue sought to be precluded is

17

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1   identical to that decided in the former proceeding; (2) the issue must have been

2   actually litigated in the former proceeding; (3) it must have been necessarily

3   decided in the former proceeding; (4) the decision in the former proceeding must

4   be final and on the merits; and (5) the party against whom preclusion is sought is

5   the same as, or in privity with, the party to the former proceeding.  (*Jackson v.*

6   *GlaxoSmithKline, Inc.* (2008) 166 Cal.App.4th 1497, 1507-1508.)

7        First, the identical issue requirement looks to whether " 'identical factual

8   allegations' are at stake in the two proceedings . . . ."  (*Lucido v. Sup.Ct.* (1990)

9   51 Cal.3d 335, 342.)  In a nutshell, Plaintiff's claims in this lawsuit boil down to

10  specific facts of how the Defendants defrauded the courts (and judicial officers)

11  in obtaining various orders against Plaintiff in their representation of Plaintiff's

12  ex-wife in the marital dissolution action, all of which has violated Plaintiff's civil

13  rights and caused him emotional distress and abuse.  Those were the very same

14  claims asserted by Plaintiff in the state court action.

15       Next, despite losing his arguments in the state court action, it is undisputed

16  that he had "notice" and "the opportunity to be heard" on the anti-SLAPP motion.

17  Notably, without permission, he filed an oversized (35 pages) opposition to

18  Defendants' anti-SLAPP motion, which included his declaration.  (RFJN, pp.

19  120-176, Ex. C.)  He also filed an appeal and the accompanying briefs.  Seeing

20  how he vigorously defended his case, it is hard for him to argue that he did not

21  have the opportunity to litigate these issues.  (*Adams v. Trimble, supra*, at * 11.)

22       As to each of the other elements, they are met for the same reasons as set

23  forth in the preceding discussion of res judicata.

24       **E.   Plaintiff's Claims are Barred by the Statute of Limitations.**

25       Where the facts and dates alleged in the complaint indicate the claim is

26  barred by the statute of limitations, a motion to dismiss for failure to state a cause

27  of action (Rule 12(b)(6)) lies.  The complaint fails to state a cause of action

28

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

because the action is time-barred.  (*Von Saher v. Norton Simon Museum of Art at Pasadena* (9th Cir. 2010) 592 F.3d 954, 969.)

### 1.  Federal Claims for § 1983 Violations (Counts 1 through 4).

"Congress did not establish a statute of limitations . . . applicable to actions brought in federal court under § 1983—a void which is commonplace in federal statutory law.  When such a void occurs, this Court has repeatedly 'borrowed' the state law of limitations governing an analogous cause of action." (*Board of Regents of University of State of N.Y. v. Tomanio* (1980) 446 U.S. 478, 483.)  The Ninth Circuit has held, "California's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. § 1983." (*Colony Cove Properties, LLC v. City of Carson* (9th Cir. 2011) 640 F.3d 948, 956.)

In California, personal injury actions that accrued after January 1, 2003 are subject to a two-year statute of limitations.  (Cal. Code of Civ. Proc. ("CCP") § 335.1.)  Thus, Plaintiff's first four causes of action alleging federal civil rights violations under section 1983 are all subject to a two-year statute of limitations.

Plaintiff filed this action in federal court on July 2, 2015.  Two years prior to that date was July 2, 2013.  In order for any of Plaintiff's claims to survive they must have accrued *on or after* July 2, 2013.  Defendants submit that all of Plaintiffs' claims are barred because his claims all accrued *well before* July 2, 2013.  Most of the facts supporting this complete defense appear on the face of Plaintiff's complaint.  For example, in paragraph 57, Plaintiff admits the judgment in his marital dissolution action was issued on **April 17, 2001**.  (Complaint, p. 24, ¶ 57.)  Thus, any issues relating to that judgment raised herein, namely that it was issued without a finding of marital standard of living, or that during that marital dissolution action Defendants had Plaintiff's son improperly appointed as guardian ad litem of Plaintiff's ex-wife, Lakshmi, would have accrued by April 17, 2001 and expired on April 17, 2003—10 years *before* Plaintiff filed this action.

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1    Next, in paragraph 101 Plaintiff alleges "[d]uring the following subsequent
2  separate court actions after the divorce trial [which he admits was over by April
3  17, 2001], Defendants continued to defraud the court and mislead the trial judges
4  that Lakshmi was incompetent, deployed a fake guardian ad litem . . . and prevents
5  the trial judges from using Lakshmi's testimony to perform their legally mandated
6  duties . . . ." (Complaint, p. 41, ¶ 101.) He then proceeds to list in his complaint
7  each of those "subsequent separate court actions" and specify the dates of those
8  actions. (Complaint, pp. 42-43, ¶ 101(a) to (i).) Those actions span from May 16,
9  2002 to March 13, 2012. Any issues relating to those subsequent court actions
10  would have accrued, according to Plaintiff's allegations, at the latest by March 13,
11  2012 and expired by March 13, 2014—over one year *before* this action was filed.

12    Most importantly, however, Plaintiff admits in paragraphs 43 and 44 that on
13  July 27, 2012 he filed a state court action alleging the same civil rights violations
14  raised herein and that action was dismissed pursuant to Defendants' anti-SLAPP
15  motion on October 11, 2012. Notice of entry of judgment of dismissal of
16  complaint occurred on October 15, 2012. Any right he had to bring a federal civil
17  rights action relating to the previous civil rights case expired on October 15,
18  2014—approximately nine months before this action was filed. Federal civil
19  rights claims asserting that a defendant's misconduct in prior civil rights action
20  deprived plaintiff of his/her constitutional rights accrued, for statute of limitations
21  purposes, when plaintiff lost his/her prior case and judgment was entered against
22  them; not when they unsuccessfully exhausted all of their appeals from that
23  judgment. (*Morales v. City of Los Angeles* (9th Cir. 2000) 214 F.3d 1151, 1154.)

24    The factual allegations supporting Plaintiff's causes of action span 34 pages
25  and 87 paragraphs. (Complaint, pp. 36-70, ¶¶ 96-183.) Rather than continue this
26  space-consuming exercise of listing examples, it is a fair assessment to state that
27  of all of the allegations in those 87 paragraphs but one occurred well before July 2,
28  2013 and therefore all claims based upon those allegations are barred.

20

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

While Defendants acknowledge that Plaintiff has alleged one action that occurred after July 2, 2013 and for which Plaintiff argues, in his complaint, why his causes of action are within the statute of limitations, they are of no significance.   Specifically, he claims that Defendants last act of conspiracy occurred on September 14, 2014 when they sought garnishment of Plaintiff's social security benefits as "payment for legal fees obtained by defrauding the state court." (Complaint, p. 21, ¶ 49.)  However, elsewhere in his complaint, Plaintiff alleges the 2014 garnishment of social security benefits "was based on a motion filed on June 29, 2007 by the Defendants . . . ." (Complaint, p. 36, ¶ 96(a).)

Notwithstanding Plaintiff's allegations relating to the September 14, 2014 garnishment, the court's statement of decision filed January 27, 2011 ordered the payment of $1,900.00 per month payable to the law firm of Hughes & Sullivan for his contributory share of his ex-wife's attorneys' fees and costs in the nature of spousal support.  (Complaint, Ex. 38, p. 468 [p. 19 of statement of decision].)  The court of appeal affirmed the court's January 27, 2011 order on March 13, 2012. (Complaint, Ex. 52, pp. 640, 642 [pp. 2, 4 of opinion].)

Either way, Defendants submit that Plaintiff's cause of action relating to the garnishment of his social security benefits accrued when the court made the order granting Defendants their attorney fees.   Pursuant to the allegations of the complaint, together with the rule of law stated above, the latest that occurred was on January 27, 2011.  Two years from January 27, 2011 was January 27, 2013— over two years before this action was filed, thus barring all of his claims based upon this garnishment.  Plaintiff's injury/harm occurred when he was ordered to pay, not when Defendants executed upon their right to collect.

For all of these reasons, each of Plaintiff's four causes of action are barred by the two-year statute of limitations applicable to federal civil rights claims under 42 U.S.C. § 1983.

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

### 2. *Various State Claims (Counts 5 through 8).*

Federal courts addressing state law claims must apply state law statute of limitations. (*Walker v. Armco Steel Corp.* (1980) 446 U.S. 740, 745-46.)

With the exception of elder abuse based upon financial abuse, which is subject to a four-year statute of limitations (Cal. Welf. & Inst. Code § 15657.7), each of the other state law claims are subject to California's two-year statute of limitations for personal injury actions.   (CCP § 335.1 [two-year statute of limitations for personal injury effective January 1, 2003]; *Roman v. County of Los Angeles* (2000) 85 Cal.App.4th 316, 323 [intentional infliction of emotional distress subject to statute of limitations for personal injury actions, which prior to 2003 was 1-year]; *Fenters v. Chevron* (E.D. Cal. 2006) 2006 WL 2016536, * 16 [indicating that a Civ. Code § 52.1 claim is subject to a two-year statute of limitations set forth in CCP § 335.1].)   As discussed above in footnote 4, the eighth cause of action for civil conspiracy is not a recognized cause of action in the State of California and therefore there is no statute of limitations that applies.

For the same reasons why Plaintiff's federal civil rights claims are time barred under the two-year statute of limitations, so too are Plaintiff's fifth cause of action pursuant to California Civil Code section 52.1 and seventh cause of action for intentional infliction of emotional distress, which are all based on the same underlying factual allegations.

As for Plaintiff's sixth cause of action for elder abuse based on financial abuse, while a longer four-year statute of limitations applies, this claim is also time barred.  In support of this cause of action, Plaintiff specifically alleges that "[f]rom June 2007 through December 2010 Defendants litigated to take $384,145.70 from the Plaintiff's retirement funds . . . under the guise of legal fees to represent his ex-wife Lakshmi." (Complaint, p. 79, ¶ 226.)  Four years from December 2010 (SOL accrual date) is December 2014 (SOL expiration date), which was several months *before* Plaintiff this action.  However, even under the

22

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1    last court order entered on January 27, 2011, which awarded Defendants various

2    amounts in attorney fees, and which formed the basis for Defendants right to

3    collect, four years from that accrual date would have been January 27, 2015 (SOL

4    expiration date), which was over five months ***before*** this action was filed.

5        In sum, Plaintiff cannot maintain any of his claims in this action because

6    they are all barred by the applicable statute of limitations as disclosed from the

7    allegations in the complaint and the concurrently filed request for judicial notice.

8    **V.    FRCP RULE 60(B)(2) IS INAPPLICABLE IN THIS CASE**

9        In the complaint, in the event the court finds the doctrine of collateral

10   estoppel to apply to Plaintiff's claims, Plaintiff asks this Court to grant relief

11   under FRCP Rule 60(b)(2). Rule 60(b)(2) authorizes a federal court to set aside a

12   final judgment, order or proceeding due to "newly discovered evidence that, with

13   reasonable diligence, could not have been discovered in time to move for a new

14   trial under Rule 59(b)."  (FRCP 60(b)(2).) Thus, Plaintiff is asking this federal

15   court to set aside the state court's judgment dismissing his civil rights complaint.

16   There are several reasons why this request must be denied.

17       First, the United States Supreme Court has stated that federal courts should

18   not interfere with state court proceedings, even if the effect of those proceedings

19   might be disastrous for one of the parties.  (See, *Pennzoil Co. v. Texaco, Inc.*

20   (1987) 481 U.S. 1, 12-14.) Similarly, federal courts cannot conduct a review of

21   state court judgments even if the claim is that the United State Constitution was

22   violated.  (See, *Allah v. Sup. Ct.* (9th Cir. 1989) 871 F.2d 887, 890-91; *Worldwide*

23   *Church of God v. McNair* (9th Cir. 1986) 805 F.2d 888, 890-91.)  Yet that is

24   exactly what Plaintiff is asking of this Court.  Plaintiff disagrees with the result

25   reached by the state trial court and court of appeal.  Since the California Supreme

26   Court declined to hear his appeal, Plaintiff has tried to take his final appeal to the

27   federal courts. He cannot do that.  (See, *U.S. ex rel. Robinson Rancheria Citizens*

28   *Council v. Borneo, Inc.* (9th Cir. 1992) 971 F.2d 244, 253.)

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

1    In fact, there is a doctrine that expressly prohibits this practice. The

2 *Rooker-Feldman* doctrine "prohibits a federal district court from exercising

3 subject matter jurisdiction over a suit that is a de facto appeal from a state court

4 judgment." (*Kougasian v. TMSL, Inc.* (9th Cir. 2004) 359 F.3d 1136, 1139.)

5 This doctrine arises through a negative inference contained in 28 U.S.C. section

6 1257 which expressly authorizes the United States Supreme Court to hear appeals

7 from the highest court of a State and therefore impliedly prohibits lower federal

8 courts from doing so. (*Id.*)

9    In applying this doctrine, courts have instructed that if the plaintiff alleges

10 an allegedly erroneous decision by the state court and seeks relief from a state

11 court judgment, then *Rooker-Feldman* bars subject matter jurisdiction in the

12 federal court.  On the other hand, if the plaintiff alleges an allegedly illegal act or

13 omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

14 However, even if *Rooker-Feldman* does not bar subject matter jurisdiction, when

15 there has been a state court judgment, the federal suit may nonetheless be

16 precluded under the principles of res judicata and collateral estoppel.

17    In the case at hand, due to Plaintiff's incomprehensible and jumbled

18 pleading, it is not that simple to determine Plaintiff's exact claim in this regard.

19 However, he does state, in non-specific conclusory fashion, that he "alleges an

20 **extrinsic** fraud upon the state court." (Complaint, p. 5, ¶ 10 [emphasis added].)

21 Arguably, allegations of extrinsic fraud would take this action out of the *Rooker-*

22 *Feldman* doctrine's bar.  Unfortunately for Plaintiff he has not alleged any facts

23 amounting to "extrinsic" fraud.

24    Extrinsic fraud refers to matters that are collateral to the matter that was

25 tried and determined by the judgment, whereas intrinsic fraud refers to fraud

26 relating to the subject matter of the action.  In order to be considered extrinsic

27 fraud, the alleged fraud must be such that it prevents a party from having an

28

24

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

opportunity to present his claim or defense in court or deprives a party of his day in court.  Examples of extrinsic fraud include where a party is kept in ignorance of a lawsuit or was induced not to appear.  All of Plaintiff's allegations relate to the alleged fraud by Defendant relating to the issues in the various actions in which he appeared and defended.    Thus, Defendants submit that Plaintiff's allegations of fraud do not rise to the level of "extrinsic" fraud and for that reason alone this Court does not have jurisdiction to set aside the state court's judgment pursuant to Rule 60(b)(2).

Finally, there is a fundamental problem with Plaintiff's argument.  Rule 60(b)(2), as stated above, applies to newly acquired evidence.  Newly acquired evidence does not refer to events that occurred or evidence that came into existence after the trial or proceeding has been concluded or judgment entered.  (*Corex Corp. v. U.S.* (9th Cir. 1981) 638 F.2d 119, 121-122, overruled on other grounds, *Gregorian v. Izvestia* (9th Cir. 1989) 871 F.2d 1515).)    The new evidence that Plaintiff asks this Court to grant relief under Rule 60(b)(2) all came into existence **after** the state court dismissed Plaintiff's prior action.  The state court ruling granting Defendants' anti-SLAPP motion happened on October 11, 2012.  The so-called newly acquired evidence Plaintiff refers to all occurred *after* the state court action was dismissed (July 24, 2013, July 31, 2013, September 4, 2014).  Accordingly, there is no basis herein for any relief under Rule 60(b)(2).

## VI.    THE COURT SHOULD EXERCISE ITS DISCRETION TO DECLINE SUPPLEMENTAL JURISDICTION

Plaintiff alleges that this federal court has subject matter jurisdiction of this action based on federal question.  (Complaint, p. 4, ¶ 9.)  However, it is clear that not all of his causes of action involve federal questions, namely counts 5 through 8, which assert state law claims.  As to those state law claims, Plaintiff assumes that this Court automatically has supplemental jurisdiction over those claims.  (*Id.*

25

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511

at ¶ 8.)   To that claim, the United States Supreme Court has stated, "[o]ur decisions have established that pendent (supplemental jurisdiction) is a doctrine of discretion, not of plaintiff's right . . . ."   (*City of Chicago v. International College of Surgeons* (1997) 522 U.S. 156, 172.)

Accordingly, federal courts may decline supplemental jurisdiction over state law claims for any of the reason enumerated in 28 U.S.C. section 1367 or simply on the basis of "judicial economy, convenience, fairness to the parties and comity."   (See, *Executive Software North America, Inc. v. United States Dist. Ct.* (9th Cir. 1994) 24 F.3d 1545, 1552-1555, overruled on other grounds, *California Dept. of Water Resources v. Powerex Corp.* (9th. Cir. 2008) 533 F.3d 1087, 1096.)   In the event this action is not dismissed based upon any one, or all, of the previous grounds, Defendants ask this Court to exercise its discretion and decline hearing Plaintiff's state law claims.

## VII.   CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court grant the instant motion and dismiss the entire complaint against the moving Defendants and/or each of the eight causes of action contained therein ***without leave to amend***.

DATED:      August 10, 2015                    SILVERSTEIN & HUSTON

By:   /s/ Mark W. Huston
      Mark W. Huston
      Attorneys for Defendants, HUGHES & HUGHES LLP; LISA BERGMAN HUGHES; BRUCE ALAN HUGHES; DAVID EWING WALD; SAMANTHA HUGHES; JONATHAN MARK KAIHO; TERESA MCNAMARA MATTOS; ROBIN ELIZABETH LEMASTER-FARRIMOND;   and   SVAPNA ALAN TRIVEDI

SILVERSTEIN
& HUSTON
701 S. Parker St.
Suite 5500
Orange, CA
92868
(714) 547-2511