1  JARVIS, KRIEGER, & SULLIVAN, LLP
   Charles T. Spagnola, P.C., SBN 144983
2  *charles@jarvislawyers.com*
   Andrew R. Klausner, P.C. SBN 246675
3  *andrew@jarvislawyers.com*
   Adam M. Tamburelli, Esq., SBN 301902
4  *adam@jarvislawyers.com*
   444 West Ocean Boulevard, Suite 1700
5  Long Beach, CA 90802
   Telephone: (562) 597-7070
6  Facsimile: (562) 597-7772
7
8  Attorneys for Defendants Richard Sullivan, Annie Coleman,
9  Jason Coleman, Lori Kennedy, Candice Madanipour,
    Tammy Lopez Cooper, Arelis Hughes, and Navid Moshtael
10
11           **UNITED STATES DISTRICT COURT**
12    **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**
13
14
15  SATYA V. REDDI,                    )   Case No.  8:15-cv-1054
                                       )
16         Plaintiff,                  )
                                       )
17  v.                                 )   **DEFENDANTS'**
                                       )   **MEMORANDUM OF POINTS**
18                                     )   **AND AUTHORITIES IN**
                                       )   **SUPPORT OF THEIR MOTION**
19  HUGHES & HUGHES LLP; et al         )   **TO DISMISS PURSUANT TO**
                                       )   **FRCP 12(b)(1) and (b)(6)**
20         Defendants.                 )
21                                     )
                                       )
22                                     )   DATE:      October 5, 2015
                                       )   TIME:      1:30 p.m.
23                                     )   CTRM:      10C
                                       )
24                                     )
                                       )   Honorable James V. Selna
25                                     )
                                       )
26                                     )
                                       )
27  _____     )   ACTION FILED JULY 2, 2015
28

# **<u>TABLE OF CONTENTS</u>**

I.     INTRODUCTION ........................................................................1

II.    ARGUMENT ...........................................................................3

      A.    Legal Standard ............................................................4

      B.    This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claims Under 42 U.S.C. § 1983, as Plaintiff Has Not Adequately Alleged a Violation Thereof ................................5

      C.    Plaintiffs' Assertion of Subject Matter Jurisdiction Based On Defendants' Commission of "Extrinsic Fraud" Fails As a Matter of Law ................................................................8

III.   DEFENDANTS ADOPT CO-DEFENDANTS' MOTION TO DISMISS ............................................................................9

IV.   THE COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE .......................................................................10

V.    CONCLUSION ......................................................................10

i

# TABLE OF AUTHORITIES

**Cases**

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*
  526 U.S. 40 (1999) ...................................................................6

*Ashcroft v. Iqbal*
  129 S.Ct. 1937 (2009) ..............................................................4

*Barren v. Harrington*
  152 F.3d 1193 (9th Cir. 1998) ...................................................6

*Barrow v. Hunton*
  99 U.S. 99 U.S. 80 (1878) .........................................................8

*Bell Atlantic Corp. v. Twombley*
  550 U.S. 544 (2007) .................................................................4

*Blevins v. Ford*
  572 F.2d 1336 (9th Cir. 1978) ...................................................6

*Caviness v. Horizon Community Learning Center, Inc.*
  590 F.3d 806 (9th Cir. 2010) .....................................................7

*Dennis v. Sparks*
  449 U.S. 24 (1980) ...................................................................7

*Franklin v. Oregon*
  662 F.2d 1337 (9th Cir. 1981) ...................................................6

*Green v. Ancora-Citronelle Corp.*
  577 F.2d 1380 (9th Cir. 1978) ...................................................9

*Hoai v. Vo*
  935 F.2d 308 (D.C. Cir. 1991) ...................................................6

*Kokkonen v. Guardian Life Ins. Co. of America*
  511 U.S. 375 (1994) .................................................................5

*Kougasian v. TMSL, Inc.*
  359 F.3d 1136 (9th Cir. 2004) ...................................................8

*Morongo Band of Mission Indians v. Rose*
  893 F.2d 1074 (9th Cir. 1990) .................................................10

*Polk County v. Dodson*
  454 U.S. 312 (1981) .................................................................6

ii

*Safe Air for Everyone v. Meyer*
  373 F.3d 1035 (9th Cir. 2004)............................................................5

*Savage v. Glendale Union High Sch.*
  343 F.3d 1036 (9th Cir. 2003)............................................................5

*White v. Lee*
  227 F.3d 1214 (9th Cir. 2000)............................................................5

**Statutes**

42 U.S.C. § 1983 ............................................................... passim

Cal. Civ. Code § 52.1 ............................................................3

**Rules**

Fed. R. Civ. P. 11 ............................................................3

Fed. R. Civ. P. 12(b)(6).........................................................3, 4

Fed.R. Civ. P 12(b)(1)..........................................................5

iii

**I.      INTRODUCTION.**

This case is best described using Plaintiff's own words:

**On August 23, 2013 the court ruled that Plaintiff was a vexatious litigant.**

Complaint, DE 1, ¶ 91.

That Plaintiff's frivolous, vexatious, and defect-ridden complaint should be dismissed is clear; the primary decisions facing this court is on which basis to dismiss the complaint, and the amount of sanctions to award Defendants for their efforts in protecting themselves (once again) from Plaintiff's futile, repetitive attack.

In the event that the court has not yet reviewed Plaintiff's complaint and dismissed it *sua sponte* for any of the myriad obvious facial pleading defects or blatant frivolity of the assertions therein, the above-named Defendants—rather than asking the court to weed through the unintelligible, 85 page morass to assess each and every defect—simply direct the court's attention to the most glaring defect in the complaint: this court lacks subject matter jurisdiction over Plaintiff's claims.

Plaintiff alleges that this court has subject matter jurisdiction over his claims on two bases: first, Plaintiff alleges that there is federal question jurisdiction based on Defendants' purported violations of 42 U.S.C. § 1983, which provides a civil cause of action for individuals who are deprived of "any rights, privileges, or

immunities secured by the Constitution and laws" by a person acting "under color of state law." Yet Plaintiff fails to allege that any of the seventeen Defendants in this case—attorneys and law firms involved in the representation of Plaintiff's ex-wife in their dissolution of marriage case since 1999—are state actors. Nor does Plaintiff allege that Defendants were acting in concert with anyone acting under color of state law to violate Plaintiff's constitutional rights. Thus, his section 1983 claims fail, and cannot provide a basis for subject matter jurisdiction.

Second, Plaintiff alleges that federal jurisdiction is appropriate because Defendants committed "extrinsic fraud" upon California state courts by, in short, convincing the courts in the underlying litigation to rule against Plaintiff. However, this foundation for jurisdiction is belied by Plaintiff's own pleadings, as this "extrinsic fraud" jurisdiction allows a plaintiff to *set aside* state court judgments, and Plaintiff repeatedly alleges that he is *not* seeking to set aside the underlying state court judgments. Therefore, both of Plaintiff's alleged bases for subject matter jurisdiction fail.

To be sure, the lack of subject matter jurisdiction is not the only basis for the court to dismiss the complaint; indeed, there are too many justifications to document in one pleading. However, co-Defendants Hughes & Hughes LLP; Lisa Bergman Hughes; Bruce Alan Hughes; David Ewing Wald; Samantha Hughes; Jonathan Mark Kaiho; Teresa Mcnamara Mattos; Robin Elizabeth Lemaster-

Farrimond; and Svapna Alan Trivediare are separately filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and rather than further burdening the court by duplicating co-Defendants' pleadings, these Defendants fully adopt and incorporate herein co-Defendants' well-reasoned motion in its entirety.

Hopefully, after reviewing the motions to dismiss and the Fed. R. Civ. P. 11 motion that Defendants are serving upon Plaintiff's counsel concomitantly with this motion, Plaintiff voluntarily dismisses this action and the court need not further expend its valuable resources on such triviality. However, if Plaintiff proceeds into the headwinds of the law stacked against him, this court should quickly dispose of this case and exercise its inherent power to sanction Plaintiff and his counsel so that all involved can once and for all put an end to Plaintiff's crusade against the invented wrongs of which he accuses Defendants.

## II.   ARGUMENT.

Plaintiff asserts eight (8) causes of action against Defendants pursuant to the U.S. Civil Rights Act, 42 U.S.C. § 1983 (counts 1-4), and the California Personal Rights Act, Cal. Civ. Code § 52.1(b) (counts 5-8). In sum, Plaintiff allegations stem from actions taken by Defendants in the course of their representation of Plaintiff's ex-wife, Lakshmi, either in her individual capacity or through a Court appointed guardian ad litem, Sridhar Reddi, her son, in a dissolution of marriage action. Specifically, Plaintiff claims that Defendants took advantage of judicial

officers, defrauded the court and prevented the court from performing its official duties. Plaintiff claims that as a result of such actions, Defendants generated attorneys' fees, which Plaintiff was later ordered to pay.

Plaintiff previously sued these Defendants in state court alleging the exact same conduct that he has alleged in this complaint. He lost in the trial court following Defendants' anti-SLAPP motion. He lost in the Court of Appeal, which affirmed the grant of Defendants' anti-SLAPP motion. Not surprisingly he petitioned the California Supreme Court to hear the case, and they declined. Importantly Plaintiff actually admits each of these facts in his complaint, thus further supporting Defendants' instant motion. Complaint, DE 1, ¶¶ 43-44.

## A.    Legal Standard.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). A claim has "facial plausibility" when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The "plausibility" standard asks for more than a sheer possibility that a defendant has acted as alleged. *Id*.

A motion to dismiss under Fed.R. Civ. P 12(b)(1) tests the subject matter jurisdiction of the court. The existence of subject matter jurisdiction is a question of law. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003). The Court assumes the lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

There are two separate types of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction: the "facial attack" and the "factual attack." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The "facial attack," which Defendants employ here, is addressed to the sufficiency of the allegations of the complaint itself. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

**B.   This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claims Under 42 U.S.C. § 1983, as Plaintiff Has Not Adequately Alleged a Violation Thereof.**

Plaintiff has failed to adequately allege claims for relief against Defendants pursuant to section 42 U.S.C. § 1983, because Plaintiffs have failed to allege facts showing these private-party Defendants acted under color of law. As such, counts 1-4 of the complaint must be dismissed.

To state a claim under section 1983, Plaintiff must establish (1) that he was "deprived of a right secured by the Constitution or laws of the United States" and (2) that "the alleged deprivation was committed under color of state law." *Am.*

*Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Although the allegations in the complaint are unclear, the most generous reading of Plaintiff's complaint appears be that Plaintiff alleges that Defendants acted under color of state law in their capacity as "state officers of the court" and therefore, "[a]t all times relevant to the facts of the Complaint, Defendant was acting under color of law." Complaint, DE 1, ¶¶ 18-34.  There is no other claim of state action in the complaint, and there is no state actor named as a defendant.

Under the facts pleaded (or more accurately, *not* pleaded), Plaintiff's section 1983 claim can summarily be dismissed, as the U.S. Supreme Court has long held that a "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (citations omitted). "Although lawyers are generally licensed by the States, they are not officials of government by virtue of being lawyers." *Id*. at 319 n. 9 (internal quotations and citation omitted); *see also Hoai v. Vo*, 935 F.2d 308 (D.C. Cir. 1991); *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981); *Blevins v. Ford*, 572 F.2d 1336, 1339 (9th Cir. 1978).

Therefore, Defendants' status as attorneys is not sufficient to bring Plaintiff's actions under color of state law.

There is, of course, an exception to the rule that a state actor must be the wrongdoer to state a section 1983 claim. The Supreme Court has held that under certain limited circumstances, "[p]rivate parties who corruptly conspire with a [state actor] … act[] under color of state law within the meaning of § 1983…." *Dennis v. Sparks*, 449 U.S. 24, 29 (1980). Even under this exception to the general rule, however, Plaintiff failed to state a claim, since not only did Plaintiff *not* allege that Defendants conspired with a state actor, such as the judges in this action, Plaintiff alleges that Defendants did the opposite—they conspired with one another to *defraud* the underlying judges. *E.g.*, Complaint, DE 1, ¶ 13.

Again, to avoid dismissal, Plaintiff must plead facts sufficient to raise a reasonable inference that the moving Defendants were state actors or conspired with state actors. *See Caviness v. Horizon Community Learning Center, Inc*., 590 F.3d 806, 808, 818 (9th Cir. 2010). Plaintiff has not done so. As such, Plaintiff's section 1983 claims, Plaintiff's 1st through 4th causes of action, must be dismissed. And because without Plaintiff's section 1983 claims there is no federal question jurisdiction, Plaintiff has not alleged diversity jurisdiction, and Plaintiff's "extrinsic fraud" allegations fail as a matter of law as discussed below, this court must dismiss Plaintiff's entire case for want of subject matter jurisdiction.

### C.  Plaintiffs' Assertion of Subject Matter Jurisdiction Based On Defendants' Commission of "Extrinsic Fraud" Fails As a Matter of Law.

Plaintiff cites *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) in support of his assertion that Defendants' commission of "extrinsic fraud upon the state court" confers subject matter jurisdiction in this court. Complaint, DE 1, ¶ 10. Plaintiff's own allegations demonstrate a fundamental misreading and/or misapprehension of the law.

Defendants admit that *Kougasian* is clear that "it has long been the law that a plaintiff in federal court can seek to *set aside* a state court judgment obtained through extrinsic fraud." 359 F.3d at 1141 (emphasis added) (citing *Barrow v. Hunton*, 99 U.S. 99 U.S. 80 (1878)). Plaintiff's fatal problem is that he repeatedly alleges that he is *not* seeking to set aside the state court judgments.

Indeed, in paragraph 7 of his complaint, Plaintiff alleges that "[i]n this lawsuit, Plaintiff is not seeking to reverse any state court judgments, but seeking compensatory and punitive damages for harm caused by the Defendants." Complaint, DE 1, ¶ 7. Plaintiff also alleges that "[t]he claims in this lawsuit do not focus on reversing the prior State Court [sic] orders without due process…." Complaint, DE 1, ¶ 12.

As Plaintiff's allegations makes very clear that he is *not* seeking to set aside the state court judgments, the "extrinsic fraud" basis for subject matter jurisdiction

in this court is inapplicable. Since there is no other basis for subject matter jurisdiction in this court, the entire action must be dismissed.[1]

## III.   DEFENDANTS ADOPT CO-DEFENDANTS' MOTION TO DISMISS.

As discussed above, co-Defendants are filing a separate motion to dismiss each of Plaintiff's claims, and counsel for the separate camps of Defendants have discussed the defense of this frivolous action. Counsel for the instant Defendants has reviewed a draft of co-Defendants' motion, and Defendants agree with the arguments set forth therein in their entirety.

Therefore, so as not to burden the court with unnecessary duplicative arguments, Defendants adopt and incorporate by reference all of co-Defendants' arguments in support of dismissal of this action, including the arguments that Plaintiff's claims under 42 U. S. C. § 1983 are barred based on judicial immunity; Plaintiff's state law claims are barred under California's Litigation Privilege; the doctrines of *res judicata* and collateral estoppel prevent Plaintiff from raising these

---

[1] Furthermore, even if Plaintiff were seeking to overturn the state court judgment, this exception would still not apply. "In order to be considered extrinsic fraud, the alleged fraud must be such that it prevents a party from having an opportunity to present his claim or defense in court . . . or deprives a party of his right to a day in court." *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1384 (9th Cir. 1978). Plaintiff admits that he has raised these issues in the state court cases. E.g., Complaint, DE 1, ¶ 42-44, 77. Therefore, Plaintiff has not been deprived of his day in court.

claims in this forum as the same claims were previously decided in the state court and that decision is final; and that each of Plaintiff's claims is barred by the applicable statute of limitations.

## IV. THE COURT SHOULD DISMISS THIS ACTION WITH PREJUDICE.

The court should dismiss Plaintiff's complaint with prejudice, as any amendment attempting to confer subject matter jurisdiction would be futile. *See Morongo Band of Mission Indians v*. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend need not be granted if the motion to amend the complaint is futile). Plaintiff is unable to correct his failure to allege that Defendants were acting under color of law, as the law is clear that private attorneys are not acting under color of law. Further, Plaintiff is unable to correct his "extrinsic fraud" basis for subject matter jurisdiction, as his entire complaint is premised on the fact that he is not seeking to overturn the state court judgments, but rather, he is seeking monetary damages. However, even if he were to change the entire nature of his complaint and seek to overturn the state court judgment, his claims would still be barred by *res judicata* and the *Rooker-Feldman* doctrine.

## V. CONCLUSION.

For the foregoing reasons, Defendants respectfully request this Court grant the instant motion and dismiss the entire complaint against Defendants with

prejudice for lack of subject matter jurisdiction and/or failure to state a claim on which relief can be granted.

DATED:      August 11, 2015          JARVIS, KRIEGER& SULLIVAN, LLP.

                                     By:    /s/ Adam M. Tamburelli
                                            Adam M. Tamburelli, Esq.
                                            Charles Spagnola, P.C.
                                            Andrew R. Klausner, Esq.

                                            Attorneys for Defendants Richard
                                            Sullivan, Annie Coleman, Jason
                                            Coleman, Lori Kennedy, Candice
                                            Madanipour, Tammy Lopez Cooper,
                                            Arelis Hughes, and Navid Moshtael